IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES WOOD, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:14-cv-02157 |
| WAYNE CHANEY *et al.*, | ) Judge Trauger |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff James Wood, an inmate confined at the DeBerry Special Needs Facility in Nashville, Tennessee, has filed a civil rights complaint under 42 U.S.C. § 1983 against defendants Lieutenant Wayne Chaney, Corporal [f/n/u] Spence; Corporal [f/n/u] Bowen; Corporal [f/n/u] Balsh; Deborah Beasley, Internal Affairs Investigator; Corporal Chris Brun; Corporal Ty Parker; Teresa Flack, LPN; William Tourgett, LPN; David Sehorn, Physician's Assistant; and Madubueze Nwozo, Medical Doctor. (ECF No. 1, at 1.) The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA").

**I.     Standard of Review**

Under the PLRA, the court must conduct an initial review of any civil complaint brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [the PLRA] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Nonetheless, in conducting the initial review, the Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## II. Factual Allegations

The plaintiff's allegations arise from an incident that occurred on August 31, 2014, when the plaintiff was handcuffed and shackled for the purpose of being transferred from one cell to another. The plaintiff alleges that, after the transfer had concluded, he was subjected to an assault by Corporal Spence and Lieutenant Chaney, who, according to the plaintiff, used unnecessary and excessive force to subdue him. The plaintiff alleges that he "resisted the abuse but wasn't fighting back." (ECF No. 1, at 6.) Nonetheless, he alleges, the officers twisted his wrists painfully and then handcuffed him so tightly that his wrists were cut and remained swollen for days afterward, and he still has a scar from the incident. The plaintiff alleges that the assault lasted 15 to 20 minutes. He believes that Corporal Bowen may have caught some of the incident on videotape, but that Lieutenant Chaney ordered Bowen out of the cell "evidently in an attempt to preclude the creation of indisputable and damning evidence of the assault." (ECF No. 1, at 7.) The plaintiff further alleges that the extremely tight restraints were left on him for an unnecessarily long time while he was left alone in a locked, single-man cell.

The plaintiff alleges that Corporal Spence finally returned to his cell, along with Corporal Balsh, to remove the handcuffs through the "pie flap" on the cell door. After the officers had removed the cuff from one wrist, the plaintiff twisted around and pushed his right arm through the pie flap to prevent the officers from closing it. He states that he refused to remove his arm until someone was brought to his cell to document and photograph his injuries from the alleged assault. Although the plaintiff explained his reasoning to officers Spence and Balsh, they began violently slamming the pie flap on the plaintiff's arm, and then pulling and twisting the plaintiff's arm to attempt to force him to retract it. They gave up when their efforts were unsuccessful, but it does not appear that anyone was sent to document the plaintiff's injuries.

Over the next few days, the plaintiff sent a letter to Internal Affairs Investigator Deborah Beasley and wrote three separate grievances concerning the alleged abuse. His letter and grievances all requested that the incident be properly investigated. The plaintiff received no response to his letter or grievances.

In the next few weeks, the plaintiff complained of pain and sought medical treatment for the injuries allegedly sustained during the August 31 incident. Defendants Sehorn, Nwozo, Flack and Tourgett refused to document the plaintiff's complaints or to treat his injuries. The plaintiff alleges that his left arm is "still injured and hurts when moved in certain ways," and that he still has a scar on his left wrist from the "abuse with the handcuffs." (ECF No. 1, at 10.) He asserts that he had "several other obvious injuries that are no longer obvious that were neglected with deliberate indifference such as bruises, scratches, and knots" on the plaintiff's "arms, neck, head, face, back, and torso." (*Id.*)

The plaintiff alleges that he attempted to exhaust his administrative remedies and was initially told by defendant Chris Brun that his grievance was being processed by the deputy warden since it was a grievance against a shift commander. The plaintiff states that he has made repeated inquiries about the status of his grievances to defendants Ty Parker and Chris Brun in their capacity as grievance chairpersons but was told that there was no record of any grievances.

The plaintiff alleges that the defendants' actions constitute cruel and unusual punishment in violation of the Eighth Amendment. He purports to sue all defendants in their official and individual capacity. He seeks relief in the form of punitive damages and a declaration that the defendants' actions violated his constitutional rights.

### III. Discussion

The plaintiff seeks to bring suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42

U.S.C. § 1983.

As an initial matter, the court finds that the complaint fails to state a claim against any of the defendants in their official capacity. As a matter of law, the official-capacity claims are considered to be claims against the office the defendants represent, in this case, the State of Tennessee. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the office."). Generally speaking, the state has absolute Eleventh Amendment immunity from suits for damages. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Thus, to the extent the defendants, as state officials, are sued in their official capacity for damages, they are absolutely immune from liability. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("Boone's request for monetary relief against the prosecutors in their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment."). To the extent that the plaintiff's claims seeks *prospective* declaratory relief, however, they would not be barred, pursuant to an exception to the general rule of Eleventh Amendment immunity announced by the Supreme Court in *Ex Parte Young*, 209 U.S. 123 (1908). Here, however, although the plaintiff seeks a declaration, the court finds that the plaintiff's claims purely concern past behavior and are therefore barred by the Eleventh Amendment. *Cf. Doe v. Wigginton*, 21 F.3d 733, 737 (6th Cir. 1994) (finding that the Eleventh Amendment does not bar "prospective relief [that] compels the state officers' compliance with federal law in the future"). Moreover, because the plaintiff does not allege that the defendants acted pursuant to a policy or custom that could be attributable to the state, the complaint fails to state a claim of any nature against the state officials in their official capacity, even if the complaint could be construed as asserting claims for prospective injunctive or declaratory relief. The official-capacity claims asserted in the complaint are therefore subject to dismissal.

As for the individual-capacity claims, the defendants, as prison employees, may be presumed to have acted under color of state law. The question is whether the allegations in the complaint, if proven to be true, show that each individual violated the plaintiff's constitutional rights. With regard to defendants Deborah Beasley, Chris Brun, and Ty Parker, the answer to that question is "no." The plaintiff alleges that these defendants failed to respond to or process his grievances. However, the Sixth Circuit has

repeatedly held that there is no constitutionally protected right to an effective prison grievance process. *See, e.g.*, *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) ("[T]here is no inherent constitutional right to an effective prison grievance procedure."). Consequently, these three defendants' failure to process or respond to the plaintiff's grievances did not deprive him of a constitutionally protected interest. Because the complaint fails to state a colorable claim against these defendants, the claims against them will be dismissed under the PLRA for failure to state a claim for which relief may be granted.

Regarding defendants Chaney, Spence, and Balsh, the plaintiff alleges that these defendants engaged in the use of unnecessary and excessive force. Even though the plaintiff does not allege particularly severe injuries, he does claim that he still has residual damage to his wrist from the incident. The Supreme Court has recognized that "the use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." *Wilkins v. Gaddy*, 559 U.S. 34, 34 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 4 (1992)). The complaint states a colorable claim against these three defendants, for purposes of the initial review.

Defendant Bowen's involvement in the incident, however, was limited to perhaps videotaping a portion of the alleged assault. The plaintiff does not allege that Bowen was personally involved in the assault. To establish the liability of any individual defendant, the plaintiff must show that that particular defendant was personally involved in the activities giving rise to the plaintiff's claims. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). The complaint fails to state a colorable claim against this defendant; the claims against Bowen will be dismissed under the PLRA for failure to state a claim for which relief may be granted.

Regarding the plaintiff's claims against the various medical providers at the prison, "[t]o prove a violation of the Eighth Amendment based on deliberate indifference, a plaintiff must prove both that, objectively, he had 'a serious medical need,' and that, subjectively, the defendant or defendants had 'a sufficiently culpable state of mind' with respect to his condition." *Gunther v. Castineta*, 561 F. App'x 497, 499 (6th Cir. 2014) (quoting *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005)). In *Gunther*, the Sixth Circuit refined the definition of serious medical need: "[A] medical need is serious if the average person would surely deem it to be one that required professional treatment." The plaintiff here alleges that he had

repeatedly held that there is no constitutionally protected right to an effective prison grievance process. *See, e.g.*, *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) ("[T]here is no inherent constitutional right to an effective prison grievance procedure."). Consequently, these three defendants' failure to process or respond to the plaintiff's grievances did not deprive him of a constitutionally protected interest. Because the complaint fails to state a colorable claim against these defendants, the claims against them will be dismissed under the PLRA for failure to state a claim for which relief may be granted.

Regarding defendants Chaney, Spence, and Balsh, the plaintiff alleges that these defendants engaged in the use of unnecessary and excessive force. Even though the plaintiff does not allege particularly severe injuries, he does claim that he still has residual damage to his wrist from the incident. The Supreme Court has recognized that "the use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." *Wilkins v. Gaddy*, 559 U.S. 34, 34 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 4 (1992)). The complaint states a colorable claim against these three defendants, for purposes of the initial review.

Defendant Bowen's involvement in the incident, however, was limited to perhaps videotaping a portion of the alleged assault. The plaintiff does not allege that Bowen was personally involved in the assault. To establish the liability of any individual defendant, the plaintiff must show that that particular defendant was personally involved in the activities giving rise to the plaintiff's claims. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). The complaint fails to state a colorable claim against this defendant; the claims against Bowen will be dismissed under the PLRA for failure to state a claim for which relief may be granted.

Regarding the plaintiff's claims against the various medical providers at the prison, "[t]o prove a violation of the Eighth Amendment based on deliberate indifference, a plaintiff must prove both that, objectively, he had 'a serious medical need,' and that, subjectively, the defendant or defendants had 'a sufficiently culpable state of mind' with respect to his condition." *Gunther v. Castineta*, 561 F. App'x 497, 499 (6th Cir. 2014) (quoting *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005)). In *Gunther*, the Sixth Circuit refined the definition of serious medical need: "[A] medical need is serious if the average person would surely deem it to be one that required professional treatment." The plaintiff here alleges that he had

sore and swollen wrists, cuts on his wrists, and a variety of bumps and bruises all over his upper body. The plaintiff allegedly believed his injuries required professional treatment. The court finds that the complaint, for purposes of the initial review, at least gives rise to a reasonable inference that the plaintiff's medical need was serious, and that the defendants were subjectively aware of the plaintiff's need but deliberately refused to provide care. The court expresses no opinion as to the ultimate merit of the plaintiff's claims, but finds for purposes of the initial review that the complaint has adequately alleged facts supporting the plaintiff's claim of deliberate indifference against defendants Teresa Flack, William Tourgett, David Sehorn, and Madubueze Nwozo.

## IV. CONCLUSION

For the reasons set forth herein, the court will enter an order dismissing the official-capacity claims against all defendants and the individual-capacity claims against defendants Deborah Beasley, Chris Brun, Ty Parker, and Corporal Bowen. The court will permit the remaining claims to proceed. An appropriate order is filed herewith.

Aleta A. Trauger
United States District Judge