UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES L. WOOD, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 3:14-2157 |
| v. ) | Judge Trauger/Brown |
| ) | **Jury Demand** |
| WAYNE CHANEY, *et al.*, ) | |
| ) | |
| Defendants ) | |

**TO: THE HONORABLE ALETA A. TRAUGER**

**REPORT AND RECOMMENDATION**

Presently pending is the Plaintiff's motion for a preliminary injunction and temporary restraining order (Docket Entry 16) filed on January 8, 2015. The Plaintiff's complaint (Docket Entry 1) was reviewed on initial screening on January 15, 2015 (Docket Entry 18) and allowed to proceed on some of the claims. The motion for a preliminary injunction was not decided during the preliminary screening, and the case was referred to the undersigned for a report and Recommendation on any dispositive matter and case management in general (Docket Entry 19).

For the reasons stated below, the Magistrate Judge recommends that the motion for a preliminary injunction and temporary restraining order be denied as **moot**.

**BACKGROUND AND LEGAL DISCUSSION**

At the time of the complaint and the motion for preliminary injunction and temporary restraining order, the Defendant was an inmate confined at the DeBerry Special Needs

Facility in Nashville, Tennessee. Plaintiff's complaint is, in essence, that excessive force was used against him and that he was not given appropriate medical treatment for the injuries he received from that use of excessive force. His motion for a preliminary injunction and temporary restraining order requests the Court to prevent the Defendants from denying the Plaintiff access to the Court by (a) withholding the Court's orders and other legal mail; (b) by forging his signature on certified mail; (c) retaliating against the Plaintiff for filing an action against them; and (d) attempting to obstruct justice in the matter.

It appears that sometime after the Plaintiff filed his complaint on February 10, 2015, the Plaintiff was transferred from DeBerry to the Morgan County Correctional Complex at Wartburg, Tennessee. He shows the Wartburg address in his motion for additional time filed February 19 2015 (Docket entry 29).
In deciding motions for Preliminary Injunctions a four factor test is routinely used. (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *American Civil Liberties Union of KY v. McCreary County KY*, 354 F3d 438, 445 (6th Cir. 1998). Since the Plaintiff is no longer at DeBerry he is not subject to the custody or control of any of the remaining Defendants. An injunction would be of no

effect. As such, injunctive relief is not available to the Plaintiff and his motion has been rendered moot by his transfer to the new institution. *Kensu v. Haigh,* 87 F3d 172,175 (6th Cir. 1996t

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that this motion be TERMINATED as moot.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 29th day of April, 2015.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge