# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **JAMES L. WOOD # 425812,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-02157 |
| | ) | Judge Trauger/Brown |
| **WAYNE CHANEY, ET AL.,** | ) | |
| | ) | |
| Defendants. | ) | |

To:  The Honorable Aleta A. Trauger, United States District Judge.

## REPORT AND RECOMMENDATION

The Magistrate Judge **RECOMMENDS** for the reasons explained below that: 1) the motion to dismiss filed by Dr. Madubueze Nwozo, M.D. (Doc. 54) be **GRANTED** and the complaint against him **DISMISSED WITH PREJUDICE**; and 2) the complaint be **DISMISSED WITH PREJUDICE** against defendants Nurse Teresa Flack, Nurse William Tourgett, and Physician's Assistant (PA) David Sehorn for failure to state a claim on which relief may be granted as provided by 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.  INTRODUCTION
## and
## BACKGROUND

The plaintiff, proceeding *pro se* and *in forma pauperis*, brought this action on November 3, 2014 under 42 U.S.C. § 1983.  (Doc. 1)  Plaintiff was an inmate at Lois M. DeBerry Special Needs Facility (DSNF) in Nashville when he filed his complaint.  (Doc. 1, ¶ II.3, pp. 2-3)  The alleged events that gave rise to this action occurred there as well.

Plaintiff named the following defendants to this action: Lt. Wayne Chaney, Cpl. f/n/u Bowen, Deborah Beasley (DSNF Internal Affairs Investigator), Cpl. Chris Brun, Cpl. Ty Parker, Nurse Flack, Nurse Tourgett, PA Sehorn, Dr. Nwozd, Edward Spence, and Cpl. f/n/u Balch.  The

factual background was addressed in detail in the District Judge's memorandum on initial review (Doc. 18, ¶ II, pp. 2-3), and is incorporated herein by reference.

The District Judge dismissed plaintiff's official capacity claims as barred by the Eleventh Amendment (Doc. 18, p. 4), leaving only plaintiff's individual capacity claims. The District Judge dismissed plaintiff's individual capacity claims against defendants Bowen, Beasley, Brun, and Parker for failure to state a claim, but determined that plaintiff stated a colorable claim against defendants Chaney, Flack, Tourgett, Sehorn, Nwozo, Spence, and Balch. (Doc. 18, pp. 4-6)

The case was referred to the undersigned on January 15, 2015 with the following instructions:

> [E]nter a scheduling order for the management of the case . . . dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B) . . . conduct further proceeding, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court . . . *sua sponte* recommend the dismissal of any claim for the reasons set forth in 28 U.S.C. § 1915(e)(2) [despite the issuance of process].

(Doc. 19, pp. 3-4) A scheduling order was entered on June 18, 2015. (Doc. 76) The case has not yet been set for trial.

Defendant Nwozo filed a motion to dismiss on May 5, 2015. (Docs. 54-55) Plaintiff responded in opposition on June 15, 2015. (Doc. 73) Defendant Nwozo replied on July 13, 2015. (Doc. 96) This matter is now properly before the court.

### III. ANALYSIS

#### A. Claims Under § 1983

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; <u>and</u> 2) that the deprivation was caused by a person acting under color of state law. *Wershe v. Combs*, 763 F.3d 500, 504-05 (6th Cir. 2014)(citing *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010)). Both parts of this two-part test

must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### B. Motion to Dismiss

An action brought in federal court may be dismissed for failure to state a claim on which relief may be granted. Rule 12(b)(6), Fed. R. Civ. P. In assessing a motion to dismiss under Rule 12(b)(6), the court is required to construe the complaint in the light most favorable to the plaintiff, accept the plaintiff's factual allegations as true, and determine "whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Heinrich v. Waiting Angels Adoption Services, Inc.,* 668 F.3d 393, 403 (6th Cir. 2012)(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A motion to dismiss under Rule 12(b)(6) "should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Dubay v. Wells*, 506 F.3d 422, 427 (6th Cir. 2007)(citation omitted). Review under Rule 12(b)(6) generally is limited to the pleadings. *See Tellabs, Inc. v. Makor Issues & rights, Ltd.*, 551 U.S. 308, 322-23 (2007); *see also Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010).

### C. Defendant Nwozo's Motion to Dismiss

Defendant Nwozo advances three arguments in support of his motion to dismiss: 1) he was not properly served with process (Doc. 55, ¶ I, pp. 4-6); 2) plaintiff has failed to plead sufficient facts to establish a violation of the Eighth Amendment (Doc. 55, ¶ II, pp. 6-9); 3) plaintiff does not have a cause of action against a private actor for alleged constitutional violations (Doc. 55, ¶ III, pp. 9-11). The Magistrate Judge will address only defendant Nwozo's second argument.[1]

---

[1] Defendant Nwozo's first argument relies on matters outside the pleadings and, as such, a motion to dismiss is inappropriate. Defendant Nwozo's third argument lacks a basis in the law. Private entities/individuals performing traditional state functions like prison health care act under the color of state law. *See Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996)(citing *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993)("it is clear that a private entity which contracts with the state to perform a traditional function such as providing medical services to prison

To state a claim under the Eighth Amendment, the offending conduct must involve an unnecessary and wanton infliction of pain. *See Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). For such non-penal conduct as that alleged in this action, a viable Eighth Amendment claim has both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires that the pain be serious, *Hudson v. McMillian*, 503 U.S. 1, 5 (1992), and the subjective component requires that the offending conduct be wanton, *Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991). Both parts of the objective-subjective test must be met to establish a viable Eighth Amendment Claim.

"[A] prisoner's Eighth Amendment right is violated when prison doctors or officials are deliberately indifferent to [his] serious medical needs." *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013)(quoting *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir.2001)(citing *Estelle*, 429 U.S. at 104). An Eighth Amendment claim for the denial of medical care has an objective and subjective component. *Quigley,* 707 F.3d at 681 (citing *Comstock*, 273 F.3d at 702). The objective component requires that the alleged deprivation be sufficiently severe, while the subjective component requires that the defendant(s) acted with a sufficiently culpable state of mind. *Quigley,* 707 F.3d at 681.

Notwithstanding the foregoing, complaints of malpractice or allegations of negligence are insufficient to entitle plaintiff to relief under § 1983. *Estelle*, 429 U.S. at 105-06. A prisoner's difference of opinion regarding treatment also does not rise to the level of an Eighth Amendment violation. *Estelle*, 429 U.S. at 107. Finally, "[w]here a prisoner has received some medical attention," but disputes the "adequacy of that treatment, the federal courts are generally reluctant to second-guess medical judgments and constitutionalize claims that sound in state tort law."

---

inmates may be sued under § 1983 as one acting 'under color of state law.'")).

4

*Graham ex rel Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004)(citation omitted).

In *Hudson*, the Supreme Court determined that "minor bruises and swelling of [the] face, mouth, and lip" were "not *de minimis* for Eighth Amendment purposes." *Hudson*, 503 U.S. at 4, 10. The Magistrate concludes from the complaint that plaintiff's injuries were not *de minimis* within the meaning of *Hudson* and, as such, his injuries satisfied the objective component of the two-part deliberate-indifference test. The next question is whether the facts alleged are adequate to establish a sufficiently culpable state of mind, *i.e.*, that defendant Nwozo acted with wanton disregard for plaintiff's injuries.

The complaint refers to defendant Nwozo in four places:1) in the style of the case (Doc. 1, p. 1); 2) in paragraph III where he lists each defendant and their position at DSNF (Doc. 1, p. 4); 3) in paragraph IV.36-37) where he sets forth the alleged facts pertaining to his medical care (Doc. 1, p. 10). The facts alleged against defendant Nwozo are as follows:

> Plaintiff complained of injuries and pain many times to many nurses and requested to be signed up on the sick call roster so that he could receive medical attention from Defendants Sehorn and Nwozo.

> [D]espite . . . nurses signing Plaintiff up on the sick call roster to see Defendants Sehorn and Nwozo for his injuries and pain, Defendants Sehorn and Nwozo tenaciously refused to address them.

(Doc. 1, ¶¶ IV.36-37, p. 10) Plaintiff has not amended his complaint. Therefore, the text quoted above is the sole factual reference to defendant Nwozo in the complaint.

The first section of the complaint quoted above is devoid of any factual allegations against defendant Nwozo. More particularly, it does not allege and show that defendant Nwozo acted with wanton disregard for plaintiff's injuries, *i.e.*, that he was deliberately indifferent to plaintiff's serious medical needs. The only part of the second section quoted above relevant to that question at hand

5

is plaintiff's allegation that defendant Nwozo "tenaciously refused to address" his injuries and pain. Giving plaintiff maximum benefit of his *pro se* status, this allegation is a naked claim unsupported by any facts. Plaintiff's use of the adverb "tenaciously" falls short of alleging and showing that defendant Nwozo acted with deliberate indifference to his serious medical needs. In short, plaintiff's allegation that defendant Nwozo "tenaciously refused to address" his injuries and pain is conclusory. Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), the courts are not willing to "abrogate basic pleading essentials in *pro se* suits," *see Clark v. Johnston*, 413 Fed.Appx. 804, 817 (6th Cir. 2011)(citation omitted). "'More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements.'" *See Grinter v. Knight*, 532 F.3d, 567, 577 (6th Cir. 2008)(citation omitted). A "complaint must 'contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012)(citation omitted). "'[T]he less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations.'" *Grinter*, 532 F.3d at 577 (citation omitted). Conclusory claims are subject to dismissal. *See Ashcroft*, 556 U.S. at 678; *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (1995); *Erie County, Ohio v. Morton Salt, Inc.* 702 F.3d 860, 867 (6th Cir. 2012). For the reasons explained above, plaintiff's claim against defendant Nwozo is subject to dismissal as conclusory.

Assuming for the sake of argument it were determined on subsequent review that plaintiff's expression "tenaciously refused to address" his injuries and pain is entitled to greater weight than that accorded a naked allegation, plaintiff still does not allege, nor can it be liberally construed from the complaint, that he did not receive medical attention for his injuries. On the contrary, the complaint states that "some nurses did document [his] complaints and sign him up on the sick call

6

roster" (Doc. 1, ¶ 36, p. 10), the obvious inference being that he received at least some medical care at sick call. Under those circumstances, defendant Nwozo's alleged "tenacious refus[al]" to address his injuries and pain *personally* would lie – at the very worst – somewhere between negligence and malpractice, neither of which entitles plaintiff to relief under § 1983. Additionally, inasmuch as plaintiff received some medical care for his injuries, defendant Nwozo's decision not to treat him personally – for whatever reason – amounts to nothing more than plaintiff's difference of opinion regarding the medical care that he received. As previously noted, a prisoner's 's difference of opinion as to medical treatment does not entitle him to relief under § 1983.

As shown above, plaintiff fails to state a claim on which relief may be granted against defendant Nwozo. Accordingly, defendant Nwozo's motion to dismiss should be granted, and this action dismissed against him with prejudice.

### D. Defendants Sehorn, Flack, and Tourgett

As previously noted, plaintiff is proceeding in this action *in forma pauperis*. Title 28 U.S.C. § 1915(e)(2)(B) provides the following:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss a case [brought in forma pauperis] at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] . . . fails to state a claim on which relief may be granted . . . .

As noted above at p. 2, the order of referral instructed the Magistrate Judge to "*sua sponte* recommend the dismissal of any claim for the reasons set forth in 28 U.S.C. § 1915(e)(2) [despite the issuance of process]." Given the analysis/recommendation above as to defendant Nwozo, the Magistrate Judge deems it appropriate to address the complaint against defendants Sehorn, Flack, and Tourgett – the other named members of the DSNF medical staff – per the District Judge's instruction in the order of referral.

### 1. Defendant Sehorn

7

Except for the name of the defendant, the complaint against defendant Sehorn is *identical* in every respect to the complaint against defendant Nwozo. The complaint should, therefore, be dismissed against defendant Sehorn for reasons *identical* to those in the analysis above of defendant Nwozo's motion to dismiss. 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2. Defendants Flack and Tourgett

The complaint refers to defendants Flack and Tourgett in three places:1) in the style of the case (Doc. 1, p. 1); 2) in paragraph III where he lists each of the defendants and their position at DSNF (Doc. 1, p. 4); 3) in paragraph IV where he sets forth the alleged facts in the complaint (Doc. 1, p. 10). The specific facts alleged against defendants Flack and Tourgett are as follows:

> While some nurses did document Plaintiff's complaints and sign him up on the sick call roster, Defendants Teresa Flack and William Tourgett adamantly refused to do so.

(Doc. 1, ¶ 36, p. 10) The text quoted above is the sole reference to defendants Flack and Tourgett in the complaint.

It is not necessary to belabor the point. Plaintiff's claims against defendants Flack and Tourgett are conclusory, and subject to dismissal for the reasons explained above in the analysis of defendant Nwozo's motion to dismiss. Just as plaintiff's expression "tenaciously refused" was insufficient to save his claim against Dr. Nwozo, his expression "adamantly refused" is insufficient in the instance of defendants Flack and Tourgett. Moreover, taking plaintiff's claim as true that defendants Flack and Tourgett would not sign him up for sick call, the complaint is unambiguous that other nurses documented his complaints and did sign him up for sick call, the clear inference being that plaintiff received treatment at sick call. As explained above, a § 1983 claim will not lie where, as here, a prisoner receives some medical care but disputes the adequacy of that care.

As explained above, plaintiff's claims against defendants Flack and Tourgett are conclusory and subject to dismissal on those grounds alone. Additionally, § 1983 does not provide for relief

8

under the Eighth Amendment where, as here, plaintiff merely disputes the adequacy of the medical care he received. For these reasons, the complaint should be dismissed with prejudice against defendants Flack and Tourgett for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. CONCLUSION AND RECOMMENDATION

The Magistrate Judge **RECOMMENDS** for the reasons explained above that: 1) the motion to dismiss filed by defendant Nwozo (Doc. 54) be **GRANTED** and the complaint against him **DISMISSED WITH PREJUDICE**; and 2) the complaint be **DISMISSED WITH PREJUDICE** against defendants Nurse Flack, Nurse Tourgett, and PA Sehorn for failure to state a claim on which relief may be granted as provided by 28 U.S.C. § 1915(e)(2)(B)(ii).

Under Rule 72(b), Fed. R. Civ. P., any party has fourteen (14) days from service of this R&R within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this R&R within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal of this R&R. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this the 1st day of September, 2015.

/s/Joe B. Brown
Joe B. Brown
United States Magistrate Judge

9